## Commonwealth v. Allen et al.

*Otto P. Robinson,* Assistant District Attorney, for Commonwealth.
*Robert G. Coglizer,* for defendant.

LEACH, J., Aug. 27, 1930.—The defendants were charged by information of a state highway patrolman with unlawfully operating a Garford truck with an overload, contrary to section 903, article IX, of the Vehicle Code.

The arrest was made in South Abington Township, and the case was taken before Burgess Bunnell, of Clarks Summit Borough. A hearing was had, but no judgment entered on the transcript, although, on appeal, it was stated that the defendants had been fined $50.

The defendants move for dismissal on the ground that the offense in South Abington Township is not within the jurisdiction of the burgess of Clarks Summit Borough.

The Commonwealth contends that section 1201 of the Vehicle Code, which provides that "informations charging violations of any of the provisions of this act . . . shall be brought before the nearest available magistrate," enlarges the jurisdiction of the burgess.

Under section 1027 of the General Borough Act of 1927, the burgess is without jurisdiction except for offenses committed within the borough.

In Clarion County it has been decided that the jurisdiction of the burgess is enlarged.

In Dauphin County, in the case of Com. v. Good, 33 Dauphin Co. Reps. 74, it was also held that jurisdiction was in the nearest available magistrate, and magistrates were cautioned to ascertain their jurisdiction before proceeding with the case. The practical difficulties with this procedure, perhaps necessitating that the magistrate should measure the distance from the offense to his office and to those of other magistrates, and discover whether or not they had been out to dinner or otherwise engaged when the officers passed by, may have been the reason for this same court coming to a different conclusion in Com. v. Marter, 13 D. & C. 688, in which it held that the act limited the jurisdiction of all other magistrates in the county and was, therefore, unconstitutional.

Following the familiar canons of construction of statutes which provide that the constitutionality of an act is presumed, and considering the old law, the mischief and the remedy, and interpreting the statute to abate the mischief and advance the remedy, we would say that there was no intention on the part of the legislature to enlarge or diminish the jurisdiction of any magistrate, with the possible exception of substituting jurisdiction under this act for the burgess or mayor in lieu of jurisdiction under an ordinance.

The mischief under the old act was that the peace officers could select favored magistrates before whom cases should be brought; also, political committees might inform certain magistrates that, as a result of the favor of the politicians, these magistrates had been selected by the Department of Highways for the trial of their cases.

We, therefore, construe the act to lay a special duty upon the peace officer to bring his case before the nearest available magistrate, and for a violation of this provision he might be subject to prosecution for false imprisonment, or to dismissal by proper authority.

The act does not purport to enlarge or diminish the jurisdiction of magistrates, save in the exception that the mayor or burgess may have jurisdiction of a case arising in his city or borough.

As the burgess of Clarks Summit was without jurisdiction of an offense committed in South Abington Township, the proceedings in this case are dismissed.

From William A. Wilcox, Scranton, Pa.